UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                   Case No: 25-cr-20089

v.

                                   HON. STEPHEN J. MURPHY, III

JAMES ANDREW TALLON,

              Defendant.

**Stipulation and Order to Continue and Motion Cut-off, Plea Cut-off, Final Pretrial Conference, and Trial and to Find Excludable Delay**

    The United States of America, through counsel, and the defendant, James Tallon, thorough his counsel, stipulate and jointly move for the Court to find that the time period between February 17, 2026, and a new trial date to be set by the court in May 2026, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and setting these dates and for a finding of excludable delay are as follows:

- Defendant's counsel, Linda Ashford, has represented to the government that she is having difficulty communicating with the defendant due to his disabilities. Defendant's counsel needs additional time to ensure she can effectively communicate the government's plea offer to the defendant.

- Defendant's counsel also plans to set up a time to review discovery

materials at the FBI building which contain child pornography, and which cannot be physically produced to the defendant. Defendant's counsel needs additional time to set up the appointment and discuss those materials with her client.

- The parties are engaged in plea negotiations. If plea negotiations fail, the parties will need additional time to prepare for trial.

The parties therefore request that the Court exclude time under the speedy trial act from February 17, 2026, through a new trial date to be set approximately 90 days after that date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON, JR
United States Attorney

| | |
|---|---|
| *s/Zachary A. Zurek* | *s/Linda D. Ashford (with consent)* |
| ZACHARY A. ZUREK | LINDA D. ASHFORD |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold Street, Suite 700 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9727 | (313) 525-0327 |
| Zachary.zurek2@usdoj.gov | ldashford@comcast.net |

Dated: January 8, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

JAMES ANDREW TALLON,

        Defendant.

Case No: 25-cr-20089

HON. STEPHEN J. MURPHY, III

**Order to Continue and the Motion Cut-off, the Plea Cut-off, the Final Pretrial Conference and Trial and Find Excludable Delay**

The Court has considered the parties' stipulation and joint motion to continue this matter to: (1) adjourn pretrial and trial dates by approximately 90 days; and (2) for a finding of excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from the date of this order, to the new trial date qualifies as excludable delay under § 3161(h)(7).

    IT IS THEREFORE ORDERED that dates in this matter are set as follows:

- Motion Cut-off is set for March 19, 2026;

- A *Lafler* Hearing is set for March 26, 2026 at 11:00 AM;

- Final Pretrial Conference/Plea Cutoff is set for April 23, 2026 at

- 11:00 AM;

- Jury Trial is set for May 19, 2026 at 9:00 AM.

IT IS FURTHER ORDERED that the time from February 17, 2026, to the new trial date set by the Court, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

    **SO ORDERED**.

Dated: January 9, 2026

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

2